```
                    FILED        ENTERED
                    LODGED       RECEIVED

                    SEP 21 2007    LK

                    AT SEATTLE
                CLERK U.S. DISTRICT COURT
              WESTERN DISTRICT OF WASHINGTON
                              DEPUTY
```

07-CV-01479-CMP

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINDEZA INTERNATIONAL LTD., a Bermuda corporation, | AT LAW AND IN ADMIRALTY |
| Plaintiff, | No. **C 07-1479 JPO** |
| v. | COMPLAINT FOR DAMAGES |
| DELTA MARINE INDUSTRIES, INC., a Washington corporation, | TWELVE PERSON JURY DEMAND |
| Defendant. | |

COMES NOW plaintiff and alleges as follows:

## I. PARTIES

1.   Plaintiff, Lindeza International Ltd., is a Bermuda corporation and at all times relevant hereto, the owner of the M/Y MARJORIE MORNINGSTAR, Official No. 708170 of British registry.

2.   Defendant, Delta Marine Industries ("Delta Marine") is a Washington corporation with its principal place of business in Seattle, Washington. At all times material herein, Delta Marine was and is in the business of designing, building, repairing, modifying, manufacturing, marketing and selling luxury yachts to the general public.

COMPLAINT FOR DAMAGES - 1
Case No.

052776.0001/1425877.1

**ORIGINAL**

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

## II. JURISDICTION AND VENUE

3. This Court is vested with jurisdiction over this dispute pursuant to the provisions of Title 28 U.S.C. § 1332. Plaintiff, Lindeza International Ltd. is a Bermuda corporation. Defendant, Delta Marine, is a Washington corporation. Complete diversity of citizenship exists between the parties and the amount in controversy, exclusive of interest and costs exceeds $75,000. This is a case within the Court's admiralty and maritime jurisdiction involving the ship repair of a vessel and jurisdiction also vests pursuant to Title 28 U.S.C. § 1333(1).

4. Pursuant to CR 5(e)(1) of the Local Rules of this Court, Seattle is the proper place for filing this case because defendant, Delta Marine's, principal place of business is in Seattle, Washington. Furthermore, venue is proper in the Western District of Washington under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## III. FACTUAL ALLEGATIONS

5. Plaintiff, Lindeza International Ltd., owns the M/Y MARJORIE MORNINGSTAR, Official No. 708170 of British registry. Built in 1984, MARJORIE MORNINGSTAR is a 143 foot molded fiberglass ocean-going motor yacht.

6. In preparation for an Alaskan cruise during the summer of 2007, plaintiff sailed MARJORIE MORNINGSTAR in December, 2006 from Martinique to Delta Marine's facility in Seattle, Washington, where she arrived on 21 December 2006. Initial plans called for the vessel to be hauled for bottom work including a tail shaft inspection to comply with MARJORIE MORNINGSTAR's ABS classification, for her generators to be inspected, and for some interior cosmetic work to be completed. Subsequently, the scope of repairs expanded to include replacing the vessel's generators and her hull stabilizers.

COMPLAINT FOR DAMAGES - 2
Case No.

052776.0001/1425877.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

7.  Some time prior to March 31, 2007, Delta Marine hauled MARJORIE MORNINGSTAR out of the water and into one of Delta's fabrication buildings at its Seattle facility where Delta's employees worked on the vessel.

8.  In the process of working on MARJORIE MORNINGSTAR's electrical system, Delta electricians bypassed the vessel's isolation transformer and main breaker panel and rigged a shoreside power line to several electrical subpanels aboard the vessel.

9.  On the morning of March 31, 2007, Delta Marine electricians were working on MARJORIE MORNINGSTAR's electrical components, and in the process disconnected the main shoreside power line to the vessel. Some time between 10:00 a.m. to 10:30 a.m., electricians reconnected the main power supply to the vessel. Approximately 20 to 30 minutes after the power was reconnected, workers in the MARJORIE MORNINGSTAR's engine room smelled smoke. Shouting an alarm, the workers evacuated the vessel and 911 was called. Efforts to extinguish the fire with fire extinguishers from outside the vessel through a porthole were unsuccessful. At approximately 11:30 a.m., the Seattle Fire Department arrived at the scene, ordered everyone out of Delta Marine's construction facility, and then proceeded to extinguish the fire.

10. A subsequent investigation by the Seattle Fire Marshal concluded the fire was electrical in origin and had started at an electrical outlet on the starboard wall of the vessel's exercise room.

11. As a result of the fire, the vessel was extensively damaged; initial repair estimates provided by Delta Marine were in excess of nine million dollars ($9,000,000), and the vessel was rendered a total constructive loss. The salvage value of the vessel has been estimated at $1.2 million.

COMPLAINT FOR DAMAGES - 3
Case No.

052776.0001/1425877.1

## IV. FIRST CLAIM FOR RELIEF
### Negligence

12. By circumventing the MARJORIE MORNINGSTAR's main electrical breakers and isolation transformer and improvising a connection of the shoreside power to the vessel's subpanels, Delta Marine negligently caused electrical abnormalities aboard the vessel in violation of good marine practice which proximately caused the fire and the vessel's destruction.

13. In the course of working aboard the MARJORIE MORNINGSTAR, Delta Marine's employees caused the vessel's fire alarms to become disabled and negligently failed to remedy this situation in violation of good marine practice which was a proximate cause of plaintiff's damages.

14. On December 21, 2006, plaintiff delivered MARJORIE MORNINGSTAR to Delta Marine in good condition for repairs.

15. A contract of bailment existed between plaintiff and Delta Marine while the MARJORIE MORNINGSTAR was in Delta Marine's care, custody and control.

16. While in Delta Marine's possession the MARJORIE MORNINGSTAR was rendered a total constructive loss by fire.

17. Due to Delta Marine's negligence, the bailment contract was breached and this negligence was a proximate cause of plaintiff's damages.

18. At the time the fire broke out aboard the MARJORIE MORNINGSTAR and an alarm sounded, Delta Marine's employees were improperly trained and equipped to fight vessel fires. Delta Marine's failure to properly train its employees in fire suppression and its failure to equip its repair facilities with fire hoses constitutes negligence which was a proximate cause of plaintiff's damages.

COMPLAINT FOR DAMAGES - 4
Case No.

052776.0001/1425877.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

## V. SECOND CAUSE OF ACTION
### Gross Negligence, Recklessness

19. In circumventing the MARJORIE MORNINGSTAR's main electrical breakers and isolation transformers and improvising a connection of the shoreside power to the MARJORIE MORNINGSTAR's subpanels, Delta Marine recklessly violated good marine practice and such gross negligence and recklessness proximately caused plaintiff's damages.

## VI. THIRD CAUSE OF ACTION
### Breach of Contract

20. By circumventing the MARJORIE MORNINGSTAR's main electrical breakers and improvising a connection of the shoreside power to the subpanels, Delta Marine failed to observe good marine practices and as such breached its contract with Lindeza International. As a result of Delta Marine's breach, plaintiff is entitled to recover its costs and losses, including incidental and consequential damages as well as attorneys' fees and costs.

21. By circumventing the MARJORIE MORNINGSTAR's main electrical breakers and improvising a connection of the shoreside power to the subpanels, Delta Marine breached its implied contractual warranties, including the implied warranty of workmanlike performance with respect to the repair of the MARJORIE MORNINGSTAR. As result of Delta Marine's breach, plaintiff is entitled to recover its costs and losses, including incidental and consequential damages as well as attorneys' fees and costs.

22. In the course of working aboard the MARJORIE MORNINGSTAR Delta Marine's employees caused the vessel's fire alarms to become disabled and in violation of good marine practice and the warranty of workmanlike performance failed to remedy this situation. As a result of Delta Marine's breach, plaintiff is entitled to recover its costs and losses, including incidental and consequential damages as well as attorneys' fees and costs.

23. On December 21, 2006, plaintiff delivered the MARJORIE MORNINGSTAR in good condition to Delta Marine for repair.

COMPLAINT FOR DAMAGES - 5
Case No.

052776.0001/1425877.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

24. The aforesaid constituted a contract of bailment between plaintiff and Delta Marine.

25. While in Delta Marine's possession the MARJORIE MORNINGSTAR was rendered a total constructive loss by fire.

26. Due to Delta Marine's negligence, the bailment contract between plaintiff and defendant was breached. As a result of Delta Marine's breach of contract, plaintiff is entitled to recover its costs and losses, including incidental and consequential damages as well as attorneys' fees and costs.

## VII. CLAIM FOR DAMAGES

27. As a result of defendant's tortious conduct, and as a direct result of Delta Marine's breach of contract and warranties as set forth above, plaintiff has suffered direct and consequential damages exceeding $9 million, the exact amount of which will be proven at trial. Plaintiff is further entitled to attorneys fees and costs.

## VIII. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant as follows:

1. For a judgment of liability in favor of plaintiff against Delta Marine;

2. For award of damages in the an amount to be proven at the time of trial, together with accrued interest thereon at a maximum rate provided by law;

3. For reasonably attorneys' fees and costs allowed by law and/or the party's contract; and

4. For such other relief as the Court deems equitable and just under the circumstances then existing.

## IX. JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), plaintiff requests a jury trial consisting of twelve jurors in the above-referenced matter.

COMPLAINT FOR DAMAGES - 6
Case No.

052776.0001/1425877.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

1  ///

2  DATED this 21 day of September, 2007

3                                          LANE POWELL PC

4

5                                          By /s/ Mark G. Beard
                                           Mark G. Beard, WSBA No. 11737
6                                          Katie S. Matison, WSBA No. 20737
                                           Attorneys for Plaintiff, Lindeza International
7                                          Ltd.

COMPLAINT FOR DAMAGES - 7
Case No.

052776.0001/1425877.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107