1.
2.
3.
4.
5.
6.
7.
8.

THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9.
10.
11.
12.
13.
14.
15.
16.

| LINDEZA INTERNATIONAL, LTD., a Bermuda corporation, and MAXWELL and MARJORIE WARD, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>DELTA MARINE INDUSTRIES, INC., a Washington corporation, and LEVITON MANUFACTURING COMPANY, INC., a Delaware corporation,<br><br>Defendants. | AT LAW AND IN ADMIRALTY<br><br>Case No. C07-1479 JCC<br><br>SECOND AMENDED COMPLAINT FOR DAMAGES<br><br>TWELVE PERSON JURY DEMAND |
|---|---|

17.
18.

COMES NOW plaintiffs and alleges as follows:

19.

## I. **PARTIES**

20.
21.
22.
23.
24.

1.    Plaintiff Lindeza International, Ltd., is a Bermuda corporation and at all times relevant hereto, the owner of the M/Y MARJORIE MORNINGSTAR, Official No. 708170 of British registry.  Plaintiffs Maxwell and Marjorie Ward, husband and wife, at all times material herein, were the operators of the vessel MARJORIE MORNINGSTAR, and had their personal property aboard the vessel.

25.
26.

SECOND AMENDED COMPLAINT FOR DAMAGES - 1
Case No. C07-1479 JCC

2.      Defendant, Delta Marine Industries ("Delta Marine") is a Washington corporation with its principal place of business in Seattle, Washington.  Leviton Manufacturing Co., Inc., is a Delaware corporation, with its principal place of business Great Neck, New York, and is in the business of manufacturing and selling electrical components, including outlets.  Leviton Manufacturing Co., Inc. and is doing business in the State of Washington.

## II. JURISDICTION AND VENUE

3.      This Court is vested with jurisdiction over this dispute pursuant to the provisions of Title 28 U.S.C. § 1332. Plaintiff, Lindeza International Ltd. is a Bermuda corporation.  Plaintiffs Maxwell and Marjorie Ward are Canadian citizens, residing in Canada.  Leviton Manufacturing Co., Inc., is a Delaware corporation.  Defendant, Delta Marine, is a Washington corporation. Complete diversity of citizenship exists between the parties and the amount in controversy, exclusive of interest and costs exceeds $75,000. This is a case within the Court's admiralty and maritime jurisdiction involving the ship repair of a vessel and jurisdiction also vests pursuant to Title 28 U.S.C. § 1333(1). This Court also has ancillary and/or pendent jurisdiction pursuant to Title 28 U.S.C. § 1367.

4.      Pursuant to CR 5(e)(l) of the Local Rules of this Court, Seattle is the proper place for filing this case because defendant, Delta Marine's principal place of business is in Seattle, Washington.  Furthermore, venue is proper in the Western District of Washington under 28 U.S.C. § 139I(a) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## III. FACTUAL ALLEGATIONS

5.      Plaintiff, Lindeza International Ltd., at all times material herein owned the M/Y MARJORIE MORNINGSTAR, Official No. 708170 of British registry. Built in

SECOND AMENDED COMPLAINT FOR DAMAGES - 2
Case No. C07-1479 JCC

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

1. 1984, MARJORIE MORNINGSTAR is a 143 foot molded fiberglass ocean-going motor

2. yacht.  Plaintiffs Maxwell and Marjorie Ward were the vessel operators and had personal

3. property aboard the vessel.

4.      6.     In preparation for an Alaskan cruise during the summer of 2007, the

5. MARJORIE MORNINGSTAR sailed, in December, 2006, from Martinique to Delta

6. Marine's facility in Seattle, Washington, where she arrived on December 21, 2006. Initial

7. plans called for the vessel to be hauled for bottom work including a tail shaft inspection

8. to comply with MARJORIE MORNINGSTAR's ABS classification for her generators to

9. be inspected, and for some interior cosmetic work to be completed.  Subsequently, the

10. scope of repairs expanded to include replacing the vessel's generators and her hull

11. stabilizers.

12.      7.     Some time prior to March 31, 2007, Delta Marine hauled MARJORIE

13. MORNINGSTAR out of the water and into one of Delta's fabrication buildings at its

14. Seattle facility where Delta's employees worked on the vessel.

15.      8.     In the process of working on MARJORIE MORNINGSTAR's electrical

16. system, Delta electricians bypassed the vessel's isolation transformer and main breaker

17. panel and rigged a shoreside power line to several electrical subpanels aboard the vessel.

18.      9.     On the morning of March 31,2007, Delta Marine electricians were

19. working on MARJORIE MORNINGSTAR's electrical components, and in the process

20. disconnected the main shoreside power line to the vessel.  Some time between 10:00 a.m.

21. to 10:30 a.m., electricians reconnected the main power supply to the vessel.

22. Approximately 20 to 30 minutes after the power was reconnected, workers in the

23. MARJORIE MORNINGSTAR's engine room smelled smoke.  Shouting an alarm, the

24. workers evacuated the vessel and 911 was called.  Efforts to extinguish the fire with fire

25. extinguishers from outside the vessel through a porthole were unsuccessful.  At

26.

SECOND AMENDED COMPLAINT FOR DAMAGES - 3
Case No. C07-1479 JCC

1. approximately 11:30 a.m., the Seattle Fire Department arrived at the scene, ordered
2. everyone out of Delta Marine's construction facility, and then proceeded to extinguish the
3. fire.
4.      10.    A subsequent investigation by the Seattle Fire Marshal concluded the fire
5. was electrical in origin and had started at an electrical outlet on the starboard wall of the
6. vessel's exercise room.
7.      11.    As a result of the fire, the vessel was extensively damaged; initial repair
8. estimates provided by Delta Marine were in excess of nine million dollars ($9,000,000)
9. and the vessel was rendered a total constructive loss.  The salvage value of the vessel has
10. been estimated at $1.2 million.  Property belonging to Maxwell and Marjorie Ward valued
11. at $85,185.60 was also damaged and/or destroyed in the fire.
12.      12.    Prior to 2007, the M/Y MARJORIE MORNINGSTAR was in the shipyard
13. of defendant, Derecktor-Gunnell, Inc., in Florida where, on information and belief,
14. modifications were made to the vessel, including certain electrical work in the exercise
15. room of the vessel.
16.      13.    The electrical outlet on the starboard wall of the vessel's exercise room
17. was manufactured by Leviton, Co., Inc.
18.

### IV.  FIRST CLAIM FOR RELIEF
#### Negligence

20.      14.    By circumventing the MARJORIE MORNINGSTAR's main electrical
21. breakers and isolation transformer and improvising a connection of the shoreside power
22. to the vessel's subpanels, Delta Marine negligently caused electrical abnormalities aboard
23. the vessel in violation of good marine practice which proximately caused the fire and the
24. vessel's destruction.
25.
26.

SECOND AMENDED COMPLAINT FOR DAMAGES - 4
Case No. C07-1479 JCC

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

15.     In the course of working aboard the MARJORIE` MORNINGSTAR, Delta Marine's employees caused the vessel's fire alarms to become disabled and negligently failed to remedy this situation in violation of good marine practice which was a proximate cause of plaintiffs' damages.

16.     On December 21, 2006, plaintiffs delivered MARJORIE MORNINGSTAR to Delta Marine in good condition for repairs.

17.     A contract of bailment existed between plaintiffs and Delta Marine while the MARJORIE MORNINGSTAR was in Delta Marine's care, custody and control.

18.     While in Delta Marine's possession the MARJORIE MORNINGSTAR was rendered a total constructive loss by fire.

19.     Due to Delta Marine's negligence, the bailment contract was breached and this negligence was a proximate cause of plaintiffs' damages.

20.     At the time the fire broke out aboard the MARJORIE MORNINGSTAR and an alarm sounded, Delta Marine's employees were improperly trained and equipped to fight vessel fires.  Delta Marine's failure to properly train its employees in fire suppression and its failure to equip its repair facilities with fire hoses constitutes negligence which was a proximate cause of plaintiff's damages.

### V.  SECOND CAUSE OF ACTION
#### Gross Negligence, Recklessness

21.     In circumventing the MARJORIE MORNINGSTAR's main electrical breakers and isolation transformers and improvising a connection of the shoreside power to the MARJORIE MORNINGSTAR's subpanels, Delta Marine recklessly violated good marine practice and such gross negligence and recklessness proximately caused plaintiffs' damages.

### VI.  THIRD CAUSE OF ACTION
#### Breach of Contract

SECOND AMENDED COMPLAINT FOR DAMAGES - 5
Case No. C07-1479 JCC

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

22.     By circumventing the MARJORIE MORNINGSTAR's main electrical breakers and improvising a connection of the shoreside power to the subpanels, Delta Marine failed to observe good marine practices and as such breached its contract with Lindeza International.  As a result of Delta Marine's breach, plaintiffs are entitled to recover their costs and losses, including incidental and consequential damages as well as attorneys' fees and costs.

23.     By circumventing the MARJORIE MORNINGSTAR's main electrical breakers and improvising a connection of the shoreside power to the subpanels, Delta Marine breached its implied contractual warranties, including the implied warranty of workmanlike performance with respect to the repair of the MARJORIE MORNINGSTAR.  As result of Delta Marine's breach, plaintiffs are entitled to recover their costs and losses, including incidental and consequential damages as well as attorneys' fees and costs.

24.     In the course of working aboard the MARJORIE MORNINGSTAR Delta Marine's employees caused the vessel's fire alarms to become disabled and in violation of good marine practice and the warranty of workmanlike performance failed to remedy this situation. As a result of Delta Marine's breach, plaintiff is entitled to recover its costs and losses, including incidental and consequential damages as well as attorneys' fees and costs.

25.     On December 21,2006, plaintiff delivered the MARJORIE MORNINGSTAR in good condition to Delta Marine for repair.

26.     The aforesaid constituted a contract of bailment between plaintiffs and Delta Marine.

27.     While in Delta Marine's possession the MARJORIE MORNINGSTAR was rendered a total constructive loss by fire.

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

28.     Due to Delta Marine's negligence, the bailment contract between plaintiffs and defendant was breached.  As a result of Delta Marine's breach of contract, plaintiffs are entitled to recover their costs and losses, including incidental and consequential damages as well as attorneys' fees and costs.

### VII.  FOURTH CLAIM FOR RELIEF

29.     On information and belief, the electrical outlet designed and sold by defendant Leviton Manufacturing Co., Inc., failed and resulted in the fire aboard the MARJORIE MORNINGSTAR and was defective and/or unreasonably dangerous and defective in that the outlet contained design defects, manufacturing defects, and/or inadequate instructions or warnings, which caused and/or contributed to the fire and damage to the MARJORIE MORNINGSTAR while in the Delta Marine shipyard in Seattle, Washington.

### VIII.  CLAIM FOR DAMAGES

30.     As a result of defendant's tortious conduct, and as a direct result of Delta Marine's breach of contract and warranties, the negligence of Derecktor-Gunnell, Inc., and the defective and unreasonably dangerous electrical outlet manufactured and sold by Leviton Manufacturing Co., Inc., as set forth above, plaintiff Lindeza has suffered direct and consequential damages exceeding $9 million and plaintiffs Maxwell and Marjorie Ward suffered damages of $85,185.60, the exact amount of which will be proven at trial. Plaintiff is further entitled to attorneys fees and costs.

### IX.  PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendants as follows:

1.     For a judgment of liability in favor of plaintiffs against defendants, jointly and severally;

SECOND AMENDED COMPLAINT FOR DAMAGES - 7
Case No. C07-1479 JCC

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

1.      2.    For award of damages in an amount to be proven at the time of trial,

2.  together with accrued interest thereon at a maximum rate provided by law;

3.      3.    For reasonable attorneys' fees and costs allowed by law and/or the party's

4.  contract; and

5.      4.    For such other relief as the Court deems equitable and just under the

6.  circumstances then existing.

7.  ## X.  JURY DEMAND

8.      Pursuant to Fed. R. Civ. P. 38(b), plaintiffs request a jury trial consisting of

9.  twelve jurors in the above-referenced matter.

10.     DATED this ___18th___ day of November, 2008.

11.         HOLMES WEDDLE & BARCOTT, P.C.

12.

13.

14.         Michael H. Williamson, WSBA #4185

15.         999 Third Avenue, Suite 2600
    Seattle, Washington 98104
    Telephone:  (206) 292-8008

16.         Facsimile:   (206) 340-0289
    Email: mwilliamson@hwb-law.com

17.         Attorney for Plaintiffs

18.

19.

20.

21.

22.

23.

24.

25.

26.

SECOND AMENDED COMPLAINT FOR DAMAGES - 8
Case No. C07-1479 JCC

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

1.

2.

3.

4.

5.

6.

7.

8.

9.

10.

11.

12.

13.

14.

15.

16.

17.

18.

19.

20.

21.

22.

23.

24.

25.

26.

CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury
of the laws of the State of Washington that, on the
_____ day of _____, 2008,
the foregoing was electronically filed with the Clerk
of Court using the CM/ECF system, which will send
notification of such filing to the following:

James Moynihan
Bauer Moynihan & Johnson, LLP
2101 Fourth Avenue, Suite 2400
Seattle, WA  98121

_____
Karyn Luckett

G:\4923\21711\Pldg\2nd Amended Complaint 10-15-08.doc

SECOND AMENDED COMPLAINT FOR DAMAGES - 9
Case No. C07-1479 JCC

**HOLMES WEDDLE & BARCOTT**
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008